**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 3, 2020

Maxine Ward
3601 Clarks Lane
Suite 330
Baltimore, MD 21215

LETTER OPINION

     RE:    *Philadelphia Indemnity Insurance Co. v. Ward*,
              Case No. SAG-20-0868

Dear Ms. Ward and Counsel:

     Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") filed this lawsuit against Maxine Ward, seeking damages arising from Ms. Ward's alleged negligence in causing a fire in a condominium building. ECF 1. Ms. Ward, who appears *pro se,* has filed a Motion to Dismiss, ECF 6, and a Motion to Remand, ECF 7. I have considered those motions, PIIC's Opposition, ECF 8, and Ms. Ward's Request for Hearing, ECF 11. The Court is mindful of its duty to liberally construe the filings of *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Despite Ms. Ward's request for an in-person hearing, the Court's ability to convene such hearings is presently constrained as a result of the COVID-19 pandemic, and no hearing is necessary to resolve this matter. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Ms. Ward's motion to dismiss and motion for remand will be denied.

     A defendant, like Ms. Ward, is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g., In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

     In its Complaint, PIIC alleges that it provided property insurance to the Imperial Condominium Inc. ("Imperial"), for its condominium property on Clarks Lane in Baltimore, Maryland. ECF 1, ¶ 2. Ms. Ward was a resident at that condominium property. *Id.* ¶ 7. On February 20, 2019, a fire at the property caused extensive damage to multiple units. *Id.* ¶¶ 8, 10. Imperial claimed coverage under its policy for the damage sustained, and PIIC paid the claim and related expenses, in an amount exceeding $75,000. *Id.* ¶¶ 11-12. PIIC alleges that,

*Philadelphia Indemnity Insurance Co. v. Ward*,
Civil No. SAG-20-0868
June 3, 2020
Page 2

"Investigation as to the fire's cause revealed that it resulted from Ms. Ward's negligent and careless use, handling and/or disposal of smoking materials." *Id.* ¶ 9.  Accordingly, PIIC seeks to recover from Ms. Ward, in subrogation, the amounts it paid to Imperial under its insurance policy, claiming that Ms. Ward was negligent in causing the fire. *Id.* ¶¶ 12-21.

Subrogation, essentially, is "a legal fiction permitting an insurer to assume the rights of the insured — and to recover for the wrongful acts of a third party against the insured — where the insurer has paid the insured for loss under the contract of insurance." *Lexington Ins. Co. v. Balt. Gas & Elec. Co.*, 979 F. Supp. 360, 362 (D. Md. 1997).  In a subrogation action, "[o]ne who rests on subrogation stands in the place of one whose claim he has paid, as if the payment giving rise to the subrogation has not been made." *United States v. Munsey Tr. Co.*, 332 U.S. 234, 242 (1947).

Ms. Ward's Motion to Dismiss, ECF 6, contains two primary arguments.  First, Ms. Ward asserts that because PIIC "stands in the shoes" of Imperial in this subrogation action, PIIC must adhere to the dispute resolution procedure described in the Maryland Condominium Act, section 11-113(b).  ECF 6 at 1-2.  Second, Ms. Ward argues that because PIIC "stands in the shoes" of Imperial, which is located in Maryland, diversity jurisdiction is improper.[1]  *Id.*  Each argument will be addressed in turn.

To address Ms. Ward's first argument, a review of Maryland Condominium Act, section 11-113(b), is useful.  *See* Md. Code Ann., Real Prop. § 11-113(b) (West 2020).  That provision is entitled "*Procedures required before imposition of fine or infringement of rights*," and states, "The council of unit owners or board of directors may not impose a fine, suspend voting, or infringe upon any other rights of a unit owner or other occupant for violations of the rules" without following a specific procedure, involving a cease and desist demand, and a hearing before the board, which the board must provide written notice of.  *Id.*  The provision has no application to the current action, which does not involve an attempt to "impose a fine, suspend voting, or infringe upon any other rights" of Ms. Ward "for violations of the [condominium] rules."  Instead, this case involves a standard tort action in negligence, which is not subject to the express provisions of section 11-113(b).  Thus, to the extent that Ms. Ward seeks dismissal based on a "failure to exhaust [administrative] remedies" that section 11-113(b) may require, ECF 11 at 1-2, that argument also is inapplicable to PIIC's instant suit.

Ms. Ward's second argument finds no more success.  She contends, pursuant to Federal Rule of Civil Procedure 12(b)(1), that this Court lacks subject matter jurisdiction to adjudicate PIIC's claims.  PIIC's Complaint is brought in federal court, instead of Maryland state court, on

---

[1] A handwritten document attached to the Motion to Dismiss, ECF 6-1, provided some information about what appeared to have been an unrelated condominium-related dispute, along with some information about certain proceedings apparently relating to the fire.  The relevance of this document to the existing motion is not clear.  To the extent Ms. Ward intends to raise an affirmative claim for relief against Imperial that claim would need to go forward in a separate proceeding, because Imperial is not a party to this case.

*Philadelphia Indemnity Insurance Co. v. Ward*,
Civil No. SAG-20-0868
June 3, 2020
Page 3

the basis of diversity jurisdiction, which exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the litigation is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2018). The burden rests with PIIC, as "the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Ms. Ward contends that because PIIC stands in the shoes of Imperial as its subrogee, PIIC should be held to Imperial's Maryland citizenship, thereby destroying diversity jurisdiction. ECF 6. Ms. Ward's position is contrary to governing law. "In the typical insurance subrogation case where an insured has been fully indemnified for his loss, the federal courts have generally held that the insurer is the real party in interest and must sue in its own name." *Jefferson v. Ametek, Inc.*, 86 F.R.D. 425, 427 (D. Md. 1980) (citing *United States v. Aetna Cas. & Surety Co.*, 338 U.S. 366, 380-81 (1949); *Va. Elec. & Power Co. v. Carolina Peanut Co.*, 186 F.2d 816, 820 (4th Cir. 1951)). Where, as here, the insured (Imperial) is not a party to the case, and has already been fully compensated by the insurer (PIIC), the insured's citizenship is not relevant to an assessment of diversity jurisdiction. *See Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 & n.8 (4th Cir. 1973). The only party entitled to any compensation as a result of Ms. Ward's alleged negligence is PIIC. Accordingly, PIIC's citizenship, as the plaintiff and real party in interest, governs an assessment of diversity. Because PIIC is a citizen of Pennsylvania, and Ms. Ward is a citizen of Maryland, ECF 1, ¶¶ 1, 4, and the amount in controversy exceeds $75,000, *id.* ¶ 12, diversity jurisdiction exists.

Finally, in her Motion to Remand, Ms. Ward apparently seeks "remand" of this case to the condominium's board of directors, for proceedings under the Maryland Condominium Act, Section 11-113(b). ECF 7. For the reasons described above, PIIC, as a subrogee in a case subject to diversity jurisdiction, is permitted to bring a federal lawsuit to address its claims against Ms. Ward. No such "remand," even if legally permitted, would allow PIIC to pursue the reimbursement it believes it is owed, within the context of a proceeding designed to adjudicate alleged rules violations involving a condominium board and an occupant. Further problematic, this Court has no authority to remand any case that is originally filed in federal court to any state court; this Court can only remand to state court cases that were originally filed in state court, and later removed to federal court. *See* 28 U.S.C. § 1447; *Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 75 F. App'x 903, 904-05 (4th Cir. 2003).

For the reasons set forth herein, Ms. Ward's Motion to Dismiss, ECF 6, and her Motion to Remand, ECF 7, will be DENIED. Ms. Ward will have twenty-one days from the date of this Opinion to answer PIIC's Complaint. A separate order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge